11-4457
Xu v. Holder

BIA
Vomacka, IJ
A089 222 798

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of August, two thousand twelve.

PRESENT:
> JOSEPH M. MCLAUGHLIN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

XIANG HUA XU,

>        *Petitioner,*

>        v.                                        11-4457
>                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:           Thomas V. Massucci, New York, New York.

FOR RESPONDENT:           Stuart F. Delery, Acting Assistant Attorney General; Richard M. Evans, Assistant Director, Kevin J. Conway,

**Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiang Hua Xu, a native and citizen of the People's Republic of China, seeks review of an October 5, 2011, order of the BIA, affirming the November 4, 2009, decision of an Immigration Judge ("IJ") which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Hua Xu*, No. A089 222 798 (B.I.A. Oct. 5, 2011), *aff'g* No. A089 222 798 (Immig. Ct. N.Y. City Nov. 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's opinions in this case. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, such as this one, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

**I. Past Persecution - Adverse Credibility Determination**

Substantial evidence supports the agency's conclusion that Xu did not testify credibly regarding her claim that she suffered past persecution in China on account of her Christian faith and participation in house church activities. In finding Xu not credible, the agency reasonably relied on Xu's failure to provide a consistent account of the year in which she was arrested and detained in China. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). The IJ was not required to specifically request an explanation for these inconsistencies, as they were not minor. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122 n.13 (2d Cir. 2006). Moreover, the agency reasonably relied on discrepancies between Xu's testimony and asylum interview with respect to whether she

3

had applied for a U.S. visa prior to her arrival in March 2008, and between Xu's testimony and medical certificate with respect to the time of day that Xu had arrived at the hospital seeking treatment for injuries she allegedly sustained while in detention. *See Xiu Xia Lin*, 534 F.3d at 167. A reasonable factfinder would not have been compelled to credit Xu's explanation for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Additionally, the agency reasonably determined that Xu's credibility was undermined by her admission that she had lied to U.S. consulate officials in Honduras about her finances in order to procure a U.S. entry visa. When considered under the totality of the circumstances, the misrepresentation casts further doubt on Xu's veracity. *See Xiu Xia Lin*, 534 F.3d at 167.

The agency also did not err in finding that the evidence Xu submitted was insufficient to rehabilitate her otherwise incredible testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Specifically, the agency was not required to credit letters from Xu's husband, parents, and friend in China. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.

4

2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Furthermore, the agency's determination that Xu's remaining evidence was of little probative value is entitled to deference, given that the evidence was unauthenticated and Xu's credibility already had been called into question.  *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 149 (2d Cir.2007)*; see also Xiao Ji Chen*, 471 F.3d at 342.

**II. Well-Founded Fear of Future Persecution - Burden of Proof**

Because the agency reasonably concluded that Xu did not establish past persecution, she is not entitled to a presumption of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1).  The IJ also reasonably found that Xu failed to demonstrate a well-founded fear of future persecution based on a  pattern or practice of persecution of members of house churches in China.  *See* 8 C.F.R. § 1208.13(b)(2)(iii).  Indeed, the IJ- referencing the 2008 U.S. Department of State International Religious Freedom Report in the record- reasonably found that although the report indicated that the Chinese government has targeted Christian house church groups, it also indicated

that the degree of interference and harassment often varied depending on the house church group's size and the region in which it was located, and, therefore, did not establish that the government's repression of house church groups is so coordinated and widespread as to negatively affect the millions of Christians who engage in unsanctioned religious worship. *See Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("[W]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

Moreover, the IJ reasonably found that Xu failed to establish a pattern or practice of persecution of Christians similarly situated to her, as the background evidence predominantly reflected ongoing harassment of church leaders, pastoral officials, and bishops, and not laypersons such as Xu. *See* 8 C.F.R. § 1208.13(b)(2)(iii). Finally, in the absence of any record evidence showing that the Chinese government was aware or likely to become aware that Xu practiced Christianity in the United States, Xu did not meet her burden of showing an objectively reasonable fear of future persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

6

Xu was similarly unable to meet the higher burdens for withholding of removal and CAT relief, as those claims were based on the same facts and evidence. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7